UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

NOV 25 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

ET CUMMINGS,

*Plaintiff,*

v.

JPMORGAN CHASE BANK, N.A.,

*Defendant,*

Civil Action No. 5:26-cv-00206-SCR-MTO

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

## I. INTRODUCTION

Plaintiff E. T. Cummings, proceeding *pro se*, respectfully submits this Memorandum of Law in Opposition to Defendant JPMorgan Chase Bank, N.A.'s ("Defendant" or "Chase") Motion to Dismiss, ECF No. 8.

Defendant attempts to reduce this lawsuit to a routine disagreement over a single mortgage payment. That characterization misstates the Complaint. Plaintiff alleges that he submitted his February 2026 mortgage payment on February 28, 2026, through his designated Bank of America account with sufficient funds available including approximately $5,874.54 on March 5, 2026—yet Defendant falsely asserted an insufficient-funds return, offered conflicting explanations of alleged debit attempts (March 5 at approximately 8:07 a.m. versus March 3), refused Plaintiff's non-consent to altering the February 28 payment date, furnished false and derogatory credit information despite receiving Bank of America documentation and pre-litigation notices, and failed to properly investigate or respond under federal and state law.

At the Rule 12(b)(6) stage, the Court must accept these well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. Because the Complaint states plausible claims for relief and because any additional detail the Court deems helpful can be supplied by amendment, Defendant's Motion to Dismiss should be denied, or any dismissal should be entered without prejudice and with leave to amend under Federal Rule of Civil Procedure 15(a)(2).

## II. APPLICABLE STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

At this pleading stage, the Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Id.*; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Rule 12(b)(6) tests legal sufficiency, not the ultimate merits or which party's account of disputed facts is more credible.

Furthermore, *pro se* pleadings are "to be liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Dismissal with prejudice is improper unless amendment would be futile.

**III. FACTUAL BACKGROUND**

Accepting the allegations of the Complaint as true for purposes of this Motion:

1. Plaintiff maintained a mortgage loan serviced by Defendant and submitted his monthly mortgage payment on February 28, 2026, through his designated Bank of America account.

2. At all relevant times, the Bank of America account held sufficient funds, including approximately $5,874.54 on March 5, 2026, and Plaintiff never missed or failed to make a mortgage payment.

3. Defendant later asserted that the February 2026 payment was returned for insufficient funds, a claim contradicted by Defendant's own personnel and Bank of America. Specifically, a Chase supervisor repeatedly stated that the first alleged debit attempt occurred on March 5, 2026, at approximately 8:07 a.m., contradicting later claims of a March 3, 2026, debit attempt, while Bank of America confirmed sufficient funds and no ACH debit attempt from Chase before March 5, 2026.

4. Plaintiff transmitted documentation from Bank of America to Chase confirming these facts, while Chase representatives gave conflicting statements regarding payment processing, failure, prior debit attempts, dates/times, and account status, selectively relying on favorable portions of recorded communications and offering to process the payment effective March 5, 2026, which Plaintiff declined without consenting to alter the February 28, 2026, payment date.

5. Despite receiving notice of dispute, supporting documentation, and contradictory internal statements, Defendant furnished false and derogatory credit information to consumer reporting agencies, causing a significant credit score drop and reputational harm.

6. Plaintiff submitted a Notice of Servicing Error under RESPA and Regulation X, a Qualified Written Request, a direct FCRA dispute, a demand for correction of inaccurate credit reporting, and a final pre-litigation demand, yet Defendant failed to conduct a lawful investigation or correct the information, resulting in credit reputation harm, adverse credit scoring impact, increased borrowing risk/costs, emotional distress, interference with financial transactions, loss of time/resources, and other alleged damages.

## IV. ARGUMENT

### A. Count I States a Plausible Claim Under the FCRA, 15 U.S.C. § 1681s-2(b)

1. Under 15 U.S.C. § 1681s-2(b), once a furnisher receives notice of a consumer dispute from a CRA pursuant to 15 U.S.C. § 1681i(a)(2), it must conduct a reasonable investigation, review all relevant information provided by the CRA, report the results, and where information is inaccurate, incomplete, or unverifiable, modify, delete, or permanently block reporting of that item. *See Johnson v. MBNA Am. Bank, N.A.*, 357 F.3d 426, 430–31 (4th Cir. 2004); *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025).

2. The Complaint alleges that after receiving notice of Plaintiff's dispute from CRAs, Defendant failed to conduct a reasonable investigation, review all relevant information, correct inaccurate information, or cease furnishing false information, acting willfully and/or negligently.

3. Whether a payment was submitted on February 28, 2026, whether sufficient funds existed (including approximately $5,874.54 on March 5, 2026), whether a debit occurred before March 5, 2026, and whether an insufficient funds return occurred are objective, verifiable facts supported by Bank of America confirmation and documentation provided to Defendant, not a purely abstract legal dispute.

4. Drawing reasonable inferences in Plaintiff's favor, Defendant's failure to reconcile conflicting debit dates and Bank of America's records supports a plausible claim for unreasonable investigation and resulting actual, statutory, and punitive damages under 15 U.S.C. §§ 1681n and 1681o. If the Court desires greater detail regarding specific CRA dispute dates or tradeline particulars, Plaintiff requests leave to amend under Rule 15(a)(2).

### B. Count II States a Plausible Claim Under RESPA and Regulation X

1. RESPA and Regulation X require mortgage servicers to conduct reasonable investigations and respond appropriately to qualifying Notices of Error ("NOEs") under 12 C.F.R. § 1024.35 and Qualified Written Requests ("QWRs") / requests for information under 12 C.F.R. § 1024.36. *See* 12 U.S.C. § 2605(e)–(f).

2. Count II alleges that Plaintiff submitted a Notice of Servicing Error and a Qualified Written Request, and that Defendant failed to conduct a reasonable investigation, correct servicing errors, provide accurate account information, respond adequately, or maintain required servicing records, causing actual damages and warranting statutory relief.

3. Under 12 U.S.C. § 2605(f)(1)(A), actual damages proximately caused by a servicer's violation do not depend on establishing a "pattern or practice" of noncompliance (which governs additional statutory damages under § 2605(f)(1)(B)). Because Plaintiff pleads qualifying servicing notices, deficient responses/investigation, and resulting injury, Count II should not be dismissed, or Plaintiff should be granted leave to amend under Rule 15(a)(2) to supply any additional chronological or damages particulars.

**C. Count III Should Not Be Dismissed on Preemption Grounds as to Independent Servicing and Payment Conduct**

1. Defendant contends that Plaintiff's North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") claim, N.C. Gen. Stat. § 75-1.1, is preempted by 15 U.S.C. § 1681t(b)(1)(F). That preemption provision applies only "with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."

2. Count III is not limited to credit reporting: it incorporates all preceding factual allegations, including Defendant's handling of the February 28 payment submission, conflicting statements regarding debit attempts and account status, selective reliance on recorded communications, refusal to honor the February 28 payment date without consent, and servicing failures causing substantial injury in or affecting commerce.

3. Because alleged mortgage servicing and payment-handling misconduct distinct from CRA furnishing is not governed by § 1681s-2, Count III states a plausible basis for relief. To the extent the Court finds that non-furnishing servicing conduct should be pleaded with greater separation from credit-reporting allegations, Plaintiff requests leave to amend under Rule 15(a)(2).

**D. Count IV Should Not Be Dismissed With Prejudice Without Considering Allegations of Willfulness/Malice and Leave to Amend**

1. Count IV pleads defamation based on publication of false statements to consumer reporting agencies, alleging negligence or reckless disregard for the truth and reputational and financial harm.

2. Defendant invokes FCRA preemption and immunity standards under 15 U.S.C. §§ 1681h(e) and 1681t(b)(1)(F). The Complaint alleges that Defendant published false information despite contradictory internal debit explanations (March 5 at 8:07 a.m. versus

March 3), Bank of America's confirmation of no prior ACH debit and available funds, and Plaintiff's supporting documentation and notices.

3. Even if the Court determines that Count IV as currently framed faces statutory preemption or heightened malice/willful-intent requirements, dismissal should be without prejudice and with leave to amend under Rule 15(a)(2) so Plaintiff may plead any additional facts bearing on malice or willful intent to injure if supported in good faith.

**E. Count V States a Plausible Negligent Misrepresentation Claim Based on Verifiable Transaction Facts**

1. Under North Carolina law, negligent misrepresentation occurs when a party justifiably relies to its detriment on false information supplied without reasonable care for the guidance of others in a business transaction, resulting in pecuniary loss.

2. Count V alleges that Defendant supplied false information regarding the timing, status, and processing of Plaintiff's February 2026 mortgage payment, failed to exercise reasonable care in communicating accurate information, and caused Plaintiff to reasonably rely to his detriment and suffer damages.

3. These allegations rest on concrete, verifiable operational facts such as whether a debit attempt occurred before March 5, 2026, whether sufficient funds were present, and whether an insufficient funds return occurred, rather than mere opinion or future promises. If the Court seeks additional detail regarding specific reliance, dates, or damages, Plaintiff requests leave to amend under Rule 15(a)(2).

**F. Count VI States a Plausible Breach of Contract and Implied Covenant Claim**

1. Count VI alleges that the mortgage contract required Defendant to properly process payments, maintain accurate records, apply payments when received, and refrain from reporting false delinquencies, that Defendant breached those duties and the implied covenant of good faith and fair dealing (including by asserting a false insufficient-funds return and seeking to alter the payment date to March 5 without consent), and that Plaintiff suffered damages.

2. At the Rule 12(b)(6) stage, disputes over payment submission, processing, and alleged nonperformance cannot be resolved against Plaintiff's well-pleaded allegations based on contested inferences or extrinsic motion exhibits. Count VI should not be dismissed, or Plaintiff should be permitted to amend under Rule 15(a)(2) to cite specific contractual provisions in detail.

**G. Count VII Should Be Addressed Through Preservation Notice and Discovery/Evidentiary Rules Rather Than Dismissed With Prejudice**

1. Count VII alleges that Plaintiff placed Defendant on formal notice of its duty to preserve evidence, that Defendant failed to preserve (or may have altered or omitted) call recordings, servicing notes, ACH logs, metadata, and internal communications, and that such conduct supports an adverse inference and sanctions.

2. While evidentiary preservation and spoliation remedies are typically governed by discovery obligations and evidentiary sanctions rather than a standalone cause of action, any dismissal of Count VII as a separate claim should be without prejudice to Plaintiff's right to seek preservation enforcement, discovery, or evidentiary sanctions under the Federal Rules of Civil Procedure upon a proper showing.

## V. ALTERNATIVE REQUEST FOR LEAVE TO AMEND

1. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely give[n] ... when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Outright refusal to grant leave to amend without a valid justification such as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility, is an abuse of discretion. *Id.*

2. Plaintiff has acted in good faith and can supply any additional factual detail the Court deems necessary in an amended complaint. Accordingly, if any claim is dismissed, dismissal should be without prejudice and with leave to amend.

## VI. CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff E. T. Cummings respectfully requests that the Court:

1. Deny Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss, ECF No. 8;

2. Alternatively, grant Plaintiff leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) as to any claim found deficient;

3. Preserve Plaintiff's right to seek discovery and evidentiary relief regarding preservation of relevant records and communications; and

4. Grant such other and further relief as the Court deems just and proper.

**Respectfully submitted this 20th day of November 2026.**

*E.T. Cummings*

E.T. Cummings, *Pro Se*
631 Brawley School Road
Ste. 300 #1058
Mooresville, NC 28117
912.667.3917
cummingshrconsulting@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on **NOVEMBER 20, 2026**, a true and correct copy of the foregoing has been served on **Matt Abee NELSON MULLINS Attorney for JP Morgan Chase.** via **EMAIL** @ **matt.abee@nelsonmullins.com** and to **Jasso Connor – NELSON MULLINS Attorney for JP Morgan Chase** via **EMAIL** @ **connor.jasso@nelsonmullins.com**.

ET Cummings

*Pro Se – ET CUMMINGS*